say that the equitable rights of the parties, upon a more full hearing—upon a more thorough examination, when proofs to be used upon the final trial are taken, can not be made to appear different from what they now appear upon the hearing of this motion. All that I decide is, that upon this motion, the right on the part of the complainant and the violation of right on the part of the defendants, do not appear so clear, plain, palpable, manifest, as to authorize a court to grant an injunction against the defendants to prohibit them from any further using the patent, the rights to which are in controversy. The view I have taken of the case admonishes me, that by granting an injunction there would be a greater probability of producing incalculable mischief than there would be of preventing it; and that neither an absolute nor conditional injunction ought to be granted. The motion, therefore, is denied.

[NOTE. For other cases involving this patent, see note to Day v. Union India-Rubber Co., Case No. 3,691.]

DAY v. CARY. See Case No. 5,562.

DAY (DOUGHTY v.). See Case No. 4,026.

## Case No. 3,677.

DAY et al. v. EMERSON et al.

[5 Biss. 56.][1]

Circuit Court, D. Wisconsin. Aug. Term, 1858.

MONEY IN MARSHAL'S HANDS.

Where the marshal has money in his hands, the balance of proceeds of sale of property claimed by a party other than the execution debtor, and to recover which such party has brought suit against him, the court will not order him to pay the money into court pending such suit, there being no proof of collusion or danger of loss.

[This was a bill in equity by Calvin Day and others against Francis Emerson and others.]

MILLER, District Judge. In this bill, Charles Windt is made a party defendant. He is alleged to have money in his hands which should be applied as the funds of the judgment debtors, Francis Emerson and Charles F. Foster, to the payment of these complainants' debts and set out in this judgment creditors' bill. Windt filed his answer, in which he states that, as deputy marshal, he levied on goods by virtue of an execution against these defendants, which were claimed by Simon P. Candee, and he sold the same under said execution; and after paying off that execution out of the proceeds of sale, there remained in his hands a surplus of $538. He also states that Candee brought suit against him for taking said goods, which suit

is still pending. And he prays that he may be permitted to retain the money until the final determination of the suit. The complainants have moved verbally, for an order that Windt deposit that money in court to await the final disposition of the suit. There is no allegation that the funds are not safe in Windt's hands, supported by affidavit, nor is it alleged that notice of this motion was served on him. Primarily, he should be entitled to retain it, as in the event of that suit being determined against him, he would be obliged to pay back to Candee this money. Candee would in that event have the first and paramount right to the money, with interest. If this court were to order the money deposited here, Windt would be deprived of making interest out of it during the pendency of that suit. We have no evidence of collusion between Candee and Windt in regard of that suit, or that it is delayed for Windt's benefit in retaining the money in his hands; nor that Windt is not responsible for it on a final decree in this court against him.

The application cannot be considered in its present shape.

## Case No. 3,678.

DAY v. GOODYEAR.

REISSUE OF PATENTS—REVIEW OF COMMISSIONER'S ACTION—INJUNCTION AGAINST ACTION AT LAW—WHEN ISSUED.

1. The action of the commissioner of patents in the reissue of letters patent is not re-examinable elsewhere, unless a clear case of fraud is made out.

[Cited in Hussey v. Bradley, Case No. 6,946.]

2. A suit in equity to obtain an injunction to restrain proceedings in an action at law will not be sustained when the allegations set up a defence, as fraud, which is a proper case for the consideration of a jury, and when the facts charged are met and denied by the defendant, such denial being sufficient to prevent the issuing of an injunction.

3. The surrender of Goodyear's original patent for vulcanized rubber, of June 15th, 1844, and the reissued patent, December 25th, 1849, was legal, and the reissued patent is not void upon its face.

Before GRIER, Circuit Justice.

[NOTE. Cited in Law, Pat. Dig. 265, 548, 617, to the points stated as above. Nowhere more fully reported; opinion not now accessible.]

DAY (GOODYEAR v.). See Cases Nos. 5,556–5,560.

## Case No. 3,679.

DAY v. HACKLEY.

[2 Cranch, C. C. 251.][1]

Circuit Court, District of Columbia. Oct. Term, 1821.

ACTION OF DEBT—BAIL—PRACTICE.

1. In order to hold the defendant to bail in debt on a bond, it need not be produced until

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

[1] [Reported by Hon. William Cranch, Chief Judge.]

oyer demanded, if there be a sufficient affidavit of debt.

2. The court will not decide upon the merits, on a motion to appear without bail.

Debt on a bond. The plaintiff made affidavit that the defendant is justly indebted to him in the sum of $2,000, and upwards, on his bond. The declaration and a copy of the bond were filed.

Mr. Lear, moved for leave to appear for defendant without special bail; and contended that the original bond ought to be produced; and that, if produced, it would appear that it was of more than twelve years' standing, and therefore, according to the Maryland statute, could not support an action.

Mr. Caldwell, for plaintiff, opposed the motion.

THE COURT (nem. con.) said that the affidavit is sufficient. The plaintiff is not bound to produce the bond until oyer is demanded, and THE COURT will not now go into the merits of the case as to the validity of the bond.

## Case No. 3,680.

### DAY v. HARTSHORN.

[See Case No. 3,683.]

## Case No. 3,681.

### DAY v. HARTSHORN.

[The case digested under above title in Law, Pat. Dig. 332. 393, 468, is evidently the same as Case No. 3,683.]

## Case No. 3,682.

### DAY v. HARTSHORN.

[The case digested under above title in Law, Pat. Dig. 397, is evidently the same as Case No. 3,683.]

## Case No. 3,683.

### DAY v. HARTSHORN.

[3 Fish. Pat. Cas. 32.] [1]

Circuit Court, D. Rhode Island. Nov. Term, 1855.

INFRINGEMENT OF PATENT—VERDICT AS FOUNDATION FOR INJUNCTION—LICENSEES.

1. Where a case has been tried at law, with a verdict for the plaintiff, and a motion for a new trial is made, it is the practice to refuse an injunction until after the determination of the motion.

2. A bill of exceptions and a writ of error sued out, should have the same effect as a motion for a new trial, upon an application for an injunction, though either may be disregarded by the judge if his conscience is satisfied.

3. Neither the verdict at law nor finding of the jury, in a feigned issue, are ever conclusive

---

[1] [Reported by Samuel S. Fisher, Esq., and here reprinted by permission.]

upon the judge sitting in equity, upon a motion for an injunction.

4. It would not follow that a judge ought to grant an injunction, although he might not set aside the verdict of the jury. In the one case the jury are the judges of the facts, in the other the chancellor must judge for himself.

5. Where a licensee undertakes to use a patent without paying the license fee, whether the license thereby becomes voidable at law or not. equity will so far enjoin him, that unless he will pay he shall not be allowed to use.

[Bill by Horace H. Day against Isaac Hartshorn for infringement of letters patent No. 16, granted to E. M. Chaffee, August 31, 1836.]

This was a motion for an injunction founded upon the verdict of the jury in a suit at law, between the same parties, which resulted in a verdict for the plaintiff. The case presented a state of facts essentially the same as that in Day v. Candee [Case No. 3676].

T. A. Jenckes and N. Richardson, for complainant.

J. S. Pitman. S. Ames, C. S. Bradley, and J. T. Brady, for defendant.

PITMAN, District Judge. Since the verdict, in this court, for the plaintiff, in the suit at law between these parties, a motion for an injunction has been again made by the plaintiff, and it has been urged upon the court that, after a verdict at law for the plaintiff in a patent cause, it was the imperative duty of a court of equity to grant an injunction, notwithstanding the pendency of a writ of error; and that such has been the invariable practice of the courts of the United States. On the other hand, it was contended that the legal rights of the parties had not been determined by the verdict, that grave questions of law were raised by the bill of exceptions, and that the court had a right to refuse the injunction, and ought to do so, until the determination of these questions by the supreme court of the United States, unless the court was satisfied that these questions were so clearly in favor of the plaintiff that the injunction should be granted, notwithstanding the writ of error.

It was admitted by the plaintiff's counsel, that where there was a motion for a new trial, the practice was not to grant an injunction until the determination of this motion, but contended that the pendency of a writ of error furnished no ground for a refusal to grant the injunction.

After the first hearing of this motion, to satisfy myself what was, or what should be, the practice in such a case, and it having been suggested by the counsel for the plaintiff that notwithstanding Judge Curtis declined to sit in this cause, there was no impropriety in my consulting him on the general question of practice, if I was so disposed, I did consult him, and also the presiding judge of the second circuit.

Judge Curtis referred me to the case of Many v. Sizer [Case No. 9,056], tried in the